FLOOD'S ADM'R

*v.*

HUTTER.

*(Supreme Court of Appeals of Virginia, Dec. 1, 1898.)*

[32 S. E. Rep. 64.]

Subrogation—Rights of Surety.

Where a surety is compelled to pay a judgment against her principal, she is entitled to be subrogated to the judgment.

Appeal from corporation court of city of Lynchburg.

Bill by Flood's administrator against E. S. Hutter. Decree for defendant, and plaintiff appeals. Reversed.

*J. H. Christian* and *H. D. Flood,* for appellant.

*Kirkpatrick & Blackford* and *W. H. H. Harris,* for appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed, in her lifetime, by appellant's intestate, alleging the payment by her of a judgment in favor of Miller & Franklin against E. S. Hutter and Woodroof & Co., and further alleging that said payment was made under circumstances which entitled her to be subrogated to the lien of said judgment, as against the debtor E. S. Hutter, to the extent that she had paid the same.

The court is of opinion that, under the circumstances disclosed by the record, appellant was only entitled to be subro-

gated to the lien of this judgment, as against E. S. Hutter, to the extent that said Hutter appeared to be indebted to Woodroof & Co. This seems to have been the view of the lower court, and the cause was referred to a commissioner to ascertain that indebtedness. This report was filed, showing a settlement of accounts between these parties, and ascertaining that the appellee was indebted to Woodroof & Co. in the sum of $771.17 as of April 15, 1890.

Appellee filed two exceptions to this report,—one that certain credits had been disallowed in the settlement to which he claimed the right ; and the other, that too high a value had been placed on a certain farm in question. The latter exception is disposed of by the view already taken, that appellant was entitled to subrogation. Without acting upon this report, the court directed the commissioner to make, from the record as then made up, and without notice to the parties, certain statements of account outlined by the court. Upon the basis of these statements, made at the hearing, the decree appealed from was entered, dismissing appellant's bill.

It satisfactorily appears from the report of the commissioner, and the evidence upon which it was based, that the controverted items of credit were properly disallowed, and that the correct balance due from appellee had been ascertained by the commissioner.

For these reasons the decree appealed from must be reversed and set aside, and a decree entered here overruling the exceptions, and confirming the report of the commissioner dated April 4, 1890, and subrogating appellant to the lien of the judgment in question to the extent of $771.17 thereof, with interest thereon at 6 per cent. from April 15, 1890.

CARDWELL and RIELY, JJ., absent.